I'd like to reserve two minutes for rebuttal all right thank you and this is the case about whether the government can fairly prosecute a former permanent resident for legal re-entry when his first removal the one that strips his permanent residency didn't comport with due process and his second removal the one underlying the 1326 prosecution was in the end a reinstatement of the first and I'd like to start by talking about how the 2005 hearing the second reinstatement sorry the second hearing became a reinstatement of the 1999 proceeding rather than being let me just clarify something from you um now my understanding is we have the 1999 and the 2005 and if I understand your argument correctly the only way the ways you can prevail are you have to that uh the 2005 was a reinstatement of the 1999 and if it was not a reinstatement you must show the 1999 infected it and you must also show that uh your client can show prejudice if you are allowed to collaterally attack to be allowed to collaterally attack the 1999 and if all of those things don't fall into place you lose is that right yes I mean I need to I need to both show that the 19 there was a due process violation that caused prejudice with the 1999 and that it was connected to the 2005 so if we could that the 2005 removal was not a reinstatement and was not infected and we don't need to look at the 1999 removal anymore right that would be correct I know you don't want us to go there I understand that I'm not but I just I want to kind of hit the pressure point so go ahead okay so as to as to why the 2005 was a reinstatement I think I can explain our position a little bit more clearly than I did on in the breach by focusing on the actual text of the statute um in statement is defined by section 241 a5 of the immigration nationality act the text of that provision sets out an if-then proposition if the attorney general makes three findings that the aliens re-entered illegally after having been removed under an order of removal then various consequences flow the prior order of removal is reinstated the alien is not eligible for relief and the alien shall be removed under the prior order the key features of this provision are that it's conditional the consequences follow only if the attorney general first makes his predicate findings and second that that the consequences are mandatory if the attorney general does make those findings all three consequences uh follow automatically and unavoidably the the language of the statute's compulsory does not leave wiggle room for the government to pick and choose consequences as if at a buffet but the ij didn't say anything didn't use the words reinstatement but the ij did make a reference to ina section 241 a5 right how does a mere reference convert that to uh a reinstatement let me get there so here after initially discussing the new immigration allegations the ij turns to reinstatement and he makes precisely the inquiries uh indicated by the statute he asked regatta lemus if he was ordered removed in may 99 he asked me gotta lemus if he was actually removed in may 99 and that comes on top of already having asked if he illegally re-entered in december 1999 so those are the three predicate findings right there and when he gets affirmative answers on those on those three areas that 241 a5 requires he turns around and says immediately because of that because of what you told me today about your immigration case you are not eligible for any relief in this proceedings and i order you deported from the united states of mexico so he's he's he's making the findings indicated by the statute and then he's um saying because of those findings no relief and i order you deported and and the other thing to point out is that it's having made those findings he he really can't do a piecemeal oh well it's just i'm just taking the relief aspect and i'm not reinstating because again the language of the statute is completely manageable once once the findings are made the prior order is reinstated the person is not eligible for relief there's no there's no question about oh well now the attorney general can do this if he or she said or the representative can do this if he or she so chooses so by making the findings required for reinstatement and then imposing the consequences of reinstatement the immigration judge rendered the proceeding to reinstate so how do you um you know not at the risk of sounding a little lighthearted about this your your client is quite a high achiever in terms of criminal law violations so how would your um i think one of the things that the government uh when focusing on the 1999 concedes error but argues there was no prejudice with your client's record how would you show prep how do you how do you show prejudice so so to show prejudice here i need to show that it was plausible that he could have gotten 212c so that and 212c relief is um a balancing of social and humane considerations against the adverse factors and uh your honor judge caroline you're right there's some an obvious adverse factor here which is his criminal history which in 1999 was the two robberies committed when he was 20 years old and a misdemeanor fires of firearms offense committed in his late teens um a few things to say about this first these are four years uh before the hearing so that there's some time this has uh has passed and then secondly when the lapse easier to be crime free when you're in prison i i i yes i mean yes though there are you know you're you're also uh watch dan knight and things that are not um not criminal turn into infractions and there's no there's no indication of anything negative in this criminal record as opposed to say some of the case oh sorry in his prison record as opposed to some of the cases government sites so he's not fighting in prison he's not uh you know he's not picking up infractions to the contrary he's building this i think very strong record of rehabilitation where he's uh he finishes his his gd he kind of returns to his earlier promise he was a good student before he kind of got uh put on a bad path or found himself on a bad path he finishes his gd and then he does this really focused set of um of courses where he's he's doing everything he would need to start a landscaping business he's taking various landscaping skills in addition to business management and he collects six certificates this way so um he's he's showing rehabilitation in ways that this court has recognized show rehabilitation rehabilitation is a very a very important factor when there is a criminal record like this the other thing on rehabilitation um is that he shows remorse he pleads guilty he admits to his conduct when he's arrested he's not he's not messing around he's not pretending even kind of the council isn't the oh excuse me go ahead oh council isn't isn't the standard unusual or outstanding positive equities to receive discretionary relief yes your honor and as i go over in the briefs uh this court has defined and this court the bia have discussed what what qualifies as an outstanding equity and things like his family ties he's got numerous family ties his whole family's here that is yeah but he hasn't he hasn't shown that the family relied on him or that he supported or even was involved with his child or that he had any real employment history or that he served in the military or the served the community uh there's just it seems to me that there's an insufficient showing here well your honor i think under the case law he doesn't need to show each one of those things he needs to show a collection of of positive true that that do this and what he's done he shows early value to the community through his schoolwork that's on the bad path so that's somewhat uh reduced um he has his family ties and that kind of family time again just having your whole family here isn't of itself an outstanding equity under this court's case law and then the long residence here the fact that he's been here for 20 years 12 of them at that again that counts under this court's case law it's an outstanding equity it's not just sort of a free-floating what sounds outstanding uh um in at this moment there are there is case law that kind of sets that out and again i think his rehabilitation also counts as outstanding in the sense that it's just not something you're seeing in the cases that the government sites where um where the court is saying that 212c relief is implausible and and i'm running really low on time i just know i'll give you let me find out if my colleagues have any additional questions none here all right then i'll give you two minutes for a rebuttal i appreciate it thank you all right we're ready for you mr lim thank you your honors good morning may it please the court daniel limb for the united states and judge callahan i'll hit right on the pressure points that you had previously discussed here uh the 2005 removal was not a reinstatement of the 1999 removal for a variety of reasons first the nta the notice to appear made no mention of 241 reinstatement or anything like that they talked about a hearing that would take place pursuant to 240 it set out three allegations for the defendant's uh removal that would justify the removal in 2005 none of which mentioned uh reinstatement the defendant appeared at the hearing at the hearing itself as you mentioned judge callahan the ij never once mentioned reinstatement in fact the ij reiterated over and over again that the allegations noted in the notice to appear were the reasons for why then would be removed specifically the defendant had been unlawfully present let me ask you this so if we were to conclude this is hypothetical once again and i'm sure this isn't where you would want us to go just like um your colleague if we concluded that the 2005 removal order was not a reinstatement and was not infected by the 1999 removal we don't need to consider the 1999 removal is that correct right that's correct but now when you're talking about does and the agency have a process in place where an ij can convert an ordinary removal proceeding into a reinstatement and if so what does that process look like i don't believe there is a process at least formally your honor i believe that there is one case site uh in fact that the government presented down below to the lower court uh juarez franco franco an unpublished district court case in which the ij um converted the proceedings into a summary reinstatement um whereas initially it started out uh presumably as a 240 hearing what the ij did there was uh the ij noted on the record that the this would be a reinstatement the parties in those cases including the government had argued for reinstatement and so it was a very summary proceeding but in no other case or situation um have i seen a situation where despite a notice carrying under 240 despite a full and fair hearing in which the defendant has an opportunity to object to the allegations and despite the ij not having once mentioned reinstatement quite the opposite there was a reference to 241 a5 correct correct correct and i would like to note that would that would trigger reinstatement arguably right no your honor i don't believe it does the mere reference to 241 a5 in the written order and i should note that that reference was next to the provision of the order that talked about relief from removal not the basis for removal and that's in line with the second provision of 241 a5 which discusses um the non-eligibility for relief of an illegal um many other circuit courts have held that the three clauses here are separate and independent consequences in 241 a5 none of none of which depends on the other consequence in other words each of the separate and apart from each other and that was the case here as well the ij clearly was referencing that the defendant was not eligible for release and was not discussing reinstatement especially after having discussed the basis for removal as stated in the notice to appear and so there doesn't appear to be any indicia of reinstatement as there was in juarez franco or in any other situation where there is a summary reinstatement and if that's true then what the defendant must turn to then is this notion that somehow this this subsequent removal order was affected by a prior worker and in this case that wasn't that wasn't present that wasn't the case either although the defendant didn't talk about it in attorney for the defendant didn't talk about it in his argument the only case that may support that view at least in a cursory glance is ochoa and this case is highly distinguishable from that case um for a number of reasons namely this court in that case noted that the holding of that case is only limited to situations where defendant is removed erroneously in absentia and without a full and fair hearing in this case defendant was noticed and had the allegation in the notice to appear for his removal he had a full and fair hearing he was not removed in absentia he had a full again he appeared for his hearing and talked to the ij and he was not removed on legally erroneous grounds he was removed on the legal basis as stated in the notice to appear at least two of them so the defendant has uh to the extent that there are many hurdles that the defendant must jump through to even get to the equities uh he's unable to get to them because number one he can't show reinstatement and number two there's no uh prior inspection um from the 1999 removal but even if we were to get there as as your honors have pursuant to the unusual equities to concede if we look at 1999 no prejudice i'm sorry your honor i can say that one more time if we are looking at the 1999 if we allow collateral attack on that you seem to concede there was error but there's no prejudice is that your position correct your honor that's correct your honor there was a defendant was right i apologize your honor can you hear me can you hear me now i can hear you yeah but it just it's uh is anyone else having a little trouble is he popping in and out you're breaking you're breaking up a little bit okay yeah just a little okay i apologize your honor um to address your point um with respect to uh the 1999 correct the defendant was not advised regarding his 212c relief but again we only get there if there is either a reinstatement or there is uh an effect of uh an infection from the prior removal on to the subsequent 2005 removal and that didn't take place here but regardless pursuant to the unusual or outstanding equity standard uh the defendant committed to at least two armed robberies and admitted to five robberies within the span of one year this is as of 1999 the defendant had been convicted of shooting a gun wantonly and recklessly out of a moving car of carrying a loaded gun in a public place and had been arrested for similar crimes and theft and burglary so while the defendant did have family here while defendant did um get certificates and vocational certificates in prison those relative to the crimes that he committed are insufficient to meet the unusual equities or outstanding equities standard set forth by vasquez guantanamo what's our standard of review on that point is that just substantial evidence or is it some other standard your honor i believe the standard is whether or not the defendant had a plausible basis for relief and this court can look at any uh crimes any uh positive equities any negative equities in the record i suppose they know to some extent and make that determination as to whether uh an ij would possibly have given well that sounds like de novo you're not you're not arguing for de novo are you de novo with respect only to the district court's denial of the motion to dismiss the 1326 conviction um but with again with respect to equities this court can look to anything uh that was present as of the time of the 1999 removal um again his his convictions his arrests and all the other positive equities but even again if this court were to do that i i don't believe i believe the court will be hard pressed to find that despite his armed robberies despite his other robberies that he admitted to and other crimes um that there were sufficient positive equities um to to render uh prejudice essentially there to be prejudice so once again though your honors i would just reiterate the only way we could ever get there is if there were reinstatement which is not the case if somehow that there were uh an infection from the 99 removal which is also not the case and after after getting through those impediments only then can this court decide or even consider the equities but once we get there as i mentioned insufficient to meet the was predicated on the separate and independent 2005 removal and therefore the motion to dismiss the denial of the motion to dismiss should be affirmed any questions by uh from judge scanlon or judge watson no no no all right thank you thank you your honor all right mr henderson you have two minutes thank you your honor i want to just touch on some points that um uh my my colleague made here um in terms of this statement that the there's just a reference in the the hearing to 241 85 and it only goes to relief from removal and the text of the statute really forecloses that claim because the text of such makes clear that the bar and relief requires the same predicate findings as reinstatement was and also that once those findings are made reinstatement follows automatically inexorably if you make the findings it is reinstated so there's really no no world where you can say oh well the ij was just taking the relief piece of that even if the ij was taking the relief piece of that this still isn't an independent basis because the the ij is is relying on the prior removal and the fact prior removal as part of as part of his conduct of the 2005 proceedings so it's it's i mean i think the government's at best the government's argument is that this is some sort of frankenstein proceeding that's half reinstatement and half new removal and i think in you know in in that instance it's not independent what the cases talk about is an independent basis it's not an independent basis it's it's uh it is a reinstatement it's something that is it's um being uh affected by this 1999 hearing and he should get the benefit of that um as for the government's claim that many other circuits have found uh that or have held that these are independent consequences not one circuit is founded in these circumstances all those cases unquestionably involve reinstatements the question in those cases was only whether the petitioner could defeat the bar on relief by applying for relief prior to the reinstatement occurring so could i run out and apply for relief beat the government to it and then they couldn't reinstate in those cases say no you can't you can't do that there's some language about it not being independent grammatically and like from the first circuit but it it doesn't make much sense either it's if it's independent if relief is independent from from reinstatement it's certainly not independent from those same predicate findings that the statute says you have to make for reinstatement or for relief and i see i'm out of argument this matter will stand submitted
judges: O'scannlain, Callahan, Watson